IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01123-BNB

STANLEY L. WADE,

    Applicant,

v.

RON WILEY, Warden, F.P.C. [Federal Prison Camp], Florence,

    Respondent.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 12 2008

GREGORY C. LANGHAM
                 CLERK

## ORDER OF DISMISSAL

Applicant, Stanley L. Wade, is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the Federal Prison Camp in Florence, Colorado. Mr. Wade initiated this action by filing *pro se* a prisoner complaint pursuant to 18 U.S.C. § 401(3). He paid the $350.00 filing fee required for a civil action. On June 24, 2008, he filed a motion titled "Motion to Amend Prisoner Complaint to a 28 USC § 2241 Petition and to Withdraw Motion for Summons," asking to change the nature of this lawsuit, and an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On July 8, 2008, Magistrate Craig B. Shaffer ordered Respondent to file a Preliminary Response to the habeas corpus application and address the affirmative defense of exhaustion of administrative remedies. On August 7, 2008, Respondent filed a Preliminary Response. On August 14, 2008, Applicant filed a Reply.

The Court must construe Mr. Wade's application and Reply liberally because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the application will be denied.

Mr. Wade currently is serving a 100-month aggregated sentence for conspiracy to defraud the Internal Revenue Service, attempt to evade income tax, bankruptcy fraud, and false statement in bankruptcy. His projected release date is September 18, 2011, via good-conduct-time release. He contends that pursuant to *Wedelstedt v. Wiley*, 477 F.3d 1160 (10th Cir. 2007), he is entitled to consideration for transfer to a community corrections center near his home in Salt Lake City, Utah, based upon the factors set forth in 18 U.S.C. § 3621(b). Applicant asserts that he first communicated his request for transfer to a community corrections center on April 24, 2008, in an informal inmate request to staff. He maintains that prison staff verbally advised him that they have no authority to transfer him and have refused to provide a written reply to his inmate request. He concedes that he has not exhausted his administrative remedies. He contends that exhaustion is futile.

In the Preliminary Response, Respondent argues that Mr. Wade's case manager provided two written responses to his transfer request, one of which Mr. Wade acknowledged by his signature on June 11, 2008, nearly two weeks before he filed his habeas corpus application in this Court on June 24, 2008, and both of which noted that Applicant's community corrections placement would be considered seventeen to nineteen months from his release. *See* Preliminary Response at exs. 3 (inmate request to staff) and 4 (program review report). Respondents point out that the inmate request

2

to staff is not part of the BOP's administrative remedy process. They contend that Mr. Wade has not even attempted to exhaust BOP administrative remedies and, therefore, cannot know whether his efforts to exhaust would be futile. This Court agrees.

Exhaustion of administration remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986); *see also Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). Mr. Wade's speculation that exhaustion would be futile does not excuse the required exhaustion process. He has not shown affirmatively that exhausting BOP remedies would be useless. *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981).

The BOP administrative remedy program is available to federal prisoners such as Mr. Wade. *See* 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy program allows "an inmate to seek formal review of an issue which relates to any aspect of his/her confinement." 28 C.F.R. § 542.10(a). To exhaust administrative remedies, a federal prisoner must attempt to resolve the matter informally and then complete all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals. *See* 28 C.F.R. § 542.14 - 542.15. Therefore, the application will be denied and the action dismissed for failure to exhaust the BOP's three-step administrative remedy procedure prior to initiating the instant lawsuit. Accordingly, it is

ORDERED that the motion to waive fees that Applicant, Stanley L. Wade, filed on May 19, 2008, is denied as unnecessary because Mr. Wade paid the $350.00 filing fee for a civil action. It is

3

FURTHER ORDERED that the motion for issuance of an order to show cause that Mr. Wade filed on June 11, 2008, is denied as unnecessary. It is

FURTHER ORDERED that the motion titled "Motion to Amend Prisoner Complaint to a 28 USC § 2241 Petition and to Withdraw Motion for Summons" is granted. It is

FURTHER ORDERED that the clerk of the Court change the nature of this suit from prisoner civil rights to habeas corpus. It is

FURTHER ORDERED that the clerk of the Court, under separate cover, refund Mr. Wade $345.00 of the $350.00 he paid because the filing fee for a habeas corpus action is $5.00. It is

FURTHER ORDERED that the application is denied without prejudice for failure to exhaust the Bureau of Prisons' three-step, administrative-remedy procedure before seeking federal court intervention, and the action is dismissed.

DATED at Denver, Colorado, this 11 day of Sept., 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01123-BNB

Stanley L. Wade
Reg. No. 02662-081
FPC - Florence
PO Box 5000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 9/12/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk